**BRAD A. BYSZEWSKI (SBN 238527)**
**LAUREN B. KUTZ (SBN 250718)**
**COLMAN PERKINS LAW GROUP**
**500 North Brand Boulevard, Suite 2200**
**Glendale, California 91203**
**TELEPHONE (818)546-8686**
**FACSIMILE (818)546-8787**

Attorneys for Defendant
**COSTCO WHOLESALE CORPORATION**

COLMAN PERKINS LAW GROUP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIDIA FLORES, an individual,<br>Plaintiffs,<br>vs.<br>COSTCO WHOLESALE CORPORATION, a Washington Corporation, registered and doing business in California as a Foreign Corporation and DOES 1 - 25 inclusive,<br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTILTED COURT:**

Defendant, Costco Wholesale Corporation ("Defendant") hereby removes this action from the Superior Court of the State of California, County of San Deigo to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and sets forth in support of its Notice of Removal of Action the following:

**Complete Diversity Exists**

1. This Notice of Removal is based in part, upon 28 U.S.C. § 1441(a) that states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. District courts have original have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

3. Plaintiff, Lidia Flores is a citizen of the state of California.

4. Defendant, Costco Wholesale Corporation was, at the time of the filing of this action, and still is, a citizen of the state of Washington. Defendant is a Washington corporation with its headquarters and principal place of business in Washington.

5. Therefore, diversity of citizenship exists for purposes of removal of the state court action to this district court.

**Amount in Controversy Exceeds $75,000**

6. Plaintiff's Complaint alleges four causes of action for premises liability, negligence, failure to warn and dangerous condition against Defendant. (*See* Plaintiff's Complaint, Case No. 37-2022-00002810, Superior Court of California, County of San Diego, pages 3 & 4, attached as Exhibit A.)

7. On February 19, 2021, Plaintiff alleges that she slipped and fell while visiting Defendant's store located at 8125 Fletcher Pkwy, La Mesa, California and sustained personal injuries. Plaintiff alleges Defendant negligently and carelessly owned, operated, managed, and supervised its employees so as to allow a dangerous condition to exist that resulted in Plaintiff's alleged injuries. (*See* Plaintiff's Complaint, Case No. 37-2022-00002810, Superior Court of California, County of San Diego, pages 1 & 2, attached as Exhibit A.)

8. Plaintiff alleges she has suffered general damages, medical and incidental expenses, other special and incidental damages. (*See* Plaintiff's Complaint, Case No. 37-2022-00002810, Superior Court of California, County of San Diego, page 5, attached as Exhibit A.)



COLMAN PERKINS LAW GROUP

9. On August 2, 2022, Plaintiff's counsel served Defendant's counsel with a Demand Letter in which she explained that Plaintiff had sustained significant bodily injuries, discussed her medical care, itemized her damages, produced her medical records, and made a demand in the amount of **$244,510.00**. (*See* Plaintiff's August 2, 2022, email with exhibits, attached as Exhibit B.)

10. The 30-day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable." 28 USC § 1446(b)(3). A demand letter qualified as an "other paper." Huffman v. Saul Holdings Ltd. Partnership (10th Cir. 1999) 194 F3d 1072. A settlement demand is relevant evidence of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc. (9th Cir. 2002) 281 F3d 837, 840; Lowery v. Alabama Power Co. (11th Cir. 2007) 483 F3d 1184, 1213, fn. 62.

11. Therefore, Plaintiff alleges damages that far exceed the minimum amount in controversy requirements for purposes of removal of the state court action to this district court.

**Notice of Removal Is Timely**

12. On June 8, 2022, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles, as case no. 22STCV16571. (*See* Plaintiff's Complaint attached hereto as Exhibit A.)

13. On June 24, 2022, Plaintiff served the Summons and Complaint on Defendant through its registered agent, C T Corporation System.

14. On August 2, 2022, Plaintiff's counsel served Defendant's counsel with a Demand Letter for settlement in the amount of $244,510.00.

15. This Notice of Removal is being filed within thirty (30) days after Defendant received Plaintiff's initial pleading. 28 U.S.C. § 1446(b).

///

///



COLMAN PERKINS LAW GROUP

COLMAN PERKINS LAW GROUP

**Other Requirements for Removal Are Met**

16. Removal of this lawsuit to the United States District Court for the Central District of California, Southern Division is proper as the Superior Court of the State of California, County of San Diego, where the action was originally filed, is located in this district.

17. Defendant is simultaneously filing a Notice of Removal to Federal Court with the Superior Court of the State of California, County of San Diego, and it has given notice and served this pleading on Plaintiff. (A true and correct copy of the Notice of Removal to Federal Court filed with the Superior Court is attached hereto as Exhibit C.)

**Demand for Jury Trial**

18. Separate and apart from removal requirements, counsel for Defendant demands a jury trial.

Dated: September 1, 2022

COLMAN PERKINS LAW GROUP

BY:______________________________
BRAD A. BYSZEWSKI
LAUREN B. KUTZ
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION